# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1190

_____

Ronald Smith,

        Plaintiff-Appellant,

    v.

Frank Implement Co.,

        Defendant-Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: June 16, 2006
Filed: July 19, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Ronald Smith ("Smith") brought suit against his former employer, Frank Implement Company ("Frank Implement"), alleging employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 ("NFEPA"). Smith appeals the magistrate judge's[1] grant of summary judgment in favor of Frank Implement. We affirm.

---

[1]The Honorable F.A. Gossett, III, United States Magistrate Judge for the District of Nebraska, deciding the case pursuant to 28 U.S.C. § 636.

Based on our de novo review, *Baucom v. Holiday Cos.*, 428 F.3d 764, 766 (8th Cir. 2005) (standard of review), the district court did not err in granting summary judgment. Smith failed to establish that he is qualified to perform the essential functions of the "parts person" position at Frank Implement, with or without accommodation. *See Dropinski v. Douglas County*, 298 F.3d 704, 706 (8th Cir. 2002) (elements of a prima facie disability discrimination case). The Frank Implement employee handbook describes the company's goal of providing prompt quality service to customers. The handbook lists various duties assigned to a parts person, including "other duties as assigned." According to the affidavit of Bryan Frank, Frank Implement's General Manager, the parts person position at Frank Implement requires, among other things, operating and working around dangerous equipment, obtaining parts in elevated storage areas accessible only by scaffolding or ladder, using a forklift, lifting heavy objects, and working alone during the "on call" shift on nights and weekends. The parts manager also provided testimony regarding the amount of time a parts person spends performing certain functions. Contrary to Smith's assertions, there is not an issue of fact regarding the essential functions of his job. *See id.* at 707 (discussing the evidence an employer may provide to establish the essential functions of a job) (citing *Heaser v. Toro Co.*, 247 F.3d 826, 831 (8th Cir. 2001)).

Smith's doctors have recommended that, due to his seizure disorder, he not operate or work near dangerous machinery, avoid unrestrained high places such as ladders or scaffolding, and that he not drive a forklift. We agree with the magistrate judge that while Smith contends he can perform a number of other parts person duties, he never satisfactorily addressed his ability to perform the duties listed above. After careful consideration of the record, we conclude there is no indication that Smith is capable of performing the essential functions of his position without accommodation.

Moreover, we conclude there is no reasonable accommodation that would allow Smith to perform the essential functions of his job. Smith contends that the accommodation he seeks would not unduly burden Frank Implement because he could

perform additional duties currently completed by other Frank Implement employees and would only require help "in a few of the responsibilities" of a parts person. In addition, Smith argues Frank Implement's failure to engage in an interactive process to determine reasonable accommodation creates an issue of material fact, making summary judgment inappropriate.

The evidence in this case suggests that Smith cannot perform numerous activities required of a parts person. Therefore, Frank Implement, a small company with relatively few employees, would have to significantly change the layout of its facility or the work structure of other employees in order to accommodate Smith. "While job restructuring is a possible accommodation under the ADA, this court has held that an employer need not reallocate or eliminate the essential functions of a job to accommodate a disabled employee." *Fjellestad v. Pizza Hut of America, Inc.*, 188 F.3d 944, 950 (8th Cir. 1999). In light of our conclusion that Frank Implement cannot accommodate Smith without undue burden, we need not discuss the interactive process. *See Dropinski*, 298 F.3d at 710.

For the above stated reasons, we affirm.

_____